SullivAN, J.
This was a bill of revivor and supplement filed by the complainants as the heirs of Samuel Fancher, de *148 ceased, against Ingraham and others, defendants to the original bill, and one Ezra Bush. The bill states that *Fancher on, &c., filed an original bill in the Tippecanoe Circuit Court against all the defendants to the present bill except Ezra Bush, and that by said bill he prayed that he might be let in to redeem the land in said bill mentioned; that defendants, or such of them as had the legal title to said land, might be required to convey to him, &c.' The bill further states, that all the defendants to the original bill answered except Samuel Hanna; that previous to any decree being rendered, Fancher died intestate leaving the complainants his heirs at law, and who rightfully inherited the land described in the bill. It then states by way of supplement to the original bill, that Ezra Bush claims title to a part of the land mentioned in the bill, derived by purchase from Ingraham or “from some of the parties to said bill;” that the purchase was fraudülent, &c.; and prays that Bush may be made a défend-ant; that the deed to him may be set aside, &c.
The defendants demurred to the bill. The demurrer was-sustained and the bill dismissed.
The bill in this case, being a compound of the two species of bills of revivor and of supplement, should be framed in its several parts according to the frame of those bills respectively. Mitf. Eq. Pl., 80. That part of this bill which seeks to revive the original suit, contains all that is necessary in such bill. It states who were the parties to the original bill, its object, the several proceedings thereon, and the abatement. It shows how the present plaintiffs become entitled to revive, and charges that the cause ought to be revived, and to stand in the same condition with respect to the parties in the bill of revivor, as it was in with respect to the parties in the original bill at the time the abatement happened. It prays that the suit may be accordingly revived, and that the defendants may answer. Cooper’s Eq. Pl., 70; Story’s Eq. Pl., 300; lb., 480, note 4. To this part of the bill, therefore, the demurrer was not well taken.
By the supplemental part of the bill, Ezra Bush is sough! *149 to be made a defendant to the proceedings, but no reason is assigned why lie was not made a party to the original bill by amendment or otherwise. It is not shown whether his interest arose before or after the original bill was filed; whether it arose before the death of Samuel Faneher or since. It may be that if the demurrer had been confined to this part of *the bill, it would have been allowed. Baldwin v. Mackown, 3 Atk., 817; Story’s Eq. Pl., 268 el seq. But in deciding the question presented by the record, it matters not whether the bill be defective in the part referred to or not. Ve have already said that that part of the bill which seeks to revive the original suit is sufficient, and as the demurrer is to the whole bill, the question is whether it should have been sustained, even admitting the supplemental part to be defective.
W. M. Jenners, for the plaintiffs.
J. Pettit, for the defendants.
The rule is, that where a demurrer goes to the whole bill, it must be good as to all, or it is good for nothing. Mayor, &c. of London v. Levy, 8 Ves., 403; Earl of Suffolk v. Green et al., 1 Atk., 450; 2 Ib., 388; 5 Ves., 173. That is if there be any part of the bill sought to be covered by the demurrer to which it does not extend, the whole demurrer must be overruled. Higinbotham v. Burnet et al., 5 Johns. C. R., 184. This rule does not prevent a defendant from putting in separate demurrers to separate and distinct parts of a bill, for separate and distinct causes. Mitf. Eq. Pl., 214. That course, however, has not been pursued in the present case, but as before remarked, the demurrer is to the whole bill, and as there is a part of the bill to which the demurrer is not well taken, the whole should have been overruled.
Per Curiam.—The decree is reversed with costs. Cause remanded, &c.